Robert Haines v. NH DOC          CV-99-153-B     03/25/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Robert Haines**

    **v.**                                                Civil No. 99-153
                                                       Opinion No. 2003 DNH 053
**N.H. Department of Corrections**


**MEMORANDUM AND ORDER**


Habeas corpus petitioner, Robert Haines, challenges his convictions for reckless conduct, N.H. Rev. Stat. Ann. 631:3II (1996 & Supp. 2002), and felonious use of body armor, N.H. Rev. Stat. Ann. 650-B2 (1996 & Supp. 2002). (Doc. No. 73). He asserts that his trial counsel was constitutionally ineffective in four ways: (1) in coercing petitioner to give up his constitutional right to testify; (2) in incorrectly claiming during closing argument that Haines had pointed a rifle at an alleged assailant when the evidence did not require such a concession; (3) in failing to develop and present an effective theory of self-defense; and (4) in failing to preserve for appeal a

constitutional challenge to jury instructions.  I reject all four arguments and grant respondent's motion for summary judgment. (Doc. No. 74)

## I.  BACKGROUND[1]

The defendant campaigned for president in February 1995.  He traveled by truck with his wife and infant son from Washington, D.C. to Manchester that same month.  During the evening of February 17, the defendant entered the Salty Dog restaurant and bar to continue his campaigning.  While handing out political leaflets, the defendant encountered Kevin Lavigne, a patron of the Salty Dog.  Following a brief conversation, Lavigne ripped one of the defendant's political leaflets and scattered pieces to the floor.  At this point, the defendant left the bar.  From the sidewalk, the defendant motioned for Lavigne to step outside. Lavigne accepted.  After some pushing between the two men, an employee of the bar separated them.  The defendant, however, sought out a nearby police officer.  The defendant told the

---

[1]  I describe the background facts as they were expressed in the New Hampshire Supreme Court's opinion disposing of Haines's direct appeal.  See State v. Haines, 142 N.H. 692, 694-95 (1998).

officer, Robert Oxley, that he had been assaulted. After investigating the incident, Officer Oxley informed the defendant that he did not believe an assault had occurred. The defendant, became upset with Officer Oxley and reported his failure to take action in a "911" telephone call.

A short time later, two other patrons of the bar, Christian Busch and Jeffrey Meyer, exited the Salty Dog looking for a friend who was supposed to meet them. Busch crossed the street and walked toward an individual he thought was his friend. The defendant, observing Busch, simultaneously went to his truck and retrieved a rifle. The defendant chambered a round into the rifle by pumping the barrel once. He approached Busch, aimed the gun at him, and put his hands in a position ready to fire. Busch saw the rifle and ran away. The rifle was operational and loaded with four bullets at the time the defendant approached Busch. Officer Oxley witnessed the defendant's actions, ordered the defendant to disarm and assume a prone position. Officer Oxley then placed the defendant under arrest. During a pat-down search of the defendant the police discovered that he was wearing body armor, specifically a bullet-proof vest.

At trial, the defendant contended he wore the body armor because he was a candidate for president.  He further argued that he had drawn his weapon in self-defense after Busch allegedly charged at him in the street.  The jury convicted the defendant of reckless conduct and felonious use of body armor.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

A court cannot overturn a conviction because of ineffective assistance of counsel unless

> (1) "counsel's performance was 'deficient'"; that is, "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense; that is 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"

United States v. Derman, 211 F.3d 175, 184 (1st Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984).  I apply this two-part test in evaluating Haines's petition.

## III.  ANALYSIS

Three of Haines's four arguments assert that his lawyer failed to develop and properly present his self-defense claim.

-4-

Haines first argues that his lawyer coerced him into giving up his right to testify. Haines Aff. ¶ 16. If Haines had testified, he now claims, he would have told the jury that: (1) he confronted Busch only after Busch ran toward him shouting "I am going to beat the shit out of you"; (2) he deterred Busch from assaulting him by pointing his rifle in the air and pumping a round into the chamber; and (3) he had a heightened fear of assault because he had previously witnessed a shooting incident outside the White House and had himself been the victim of an assault. Haines Aff. ¶¶ 4,5,6,12. Haines next argues that his attorney undermined his self-defense claim by improperly conceding during closing argument that Haines had "stuck the gun basically in [Busch's] face" when, at most, the evidence suggested that Haines pointed the rifle in Busch's general direction. Tr. November 30, 1995 pp. 168-169. Third, Haines claims that his lawyer doomed his self-defense claim by failing to mention the term "self-defense" during his closing argument. Haines's fourth argument is that his lawyer erred in failing to object to a jury instruction that effectively amended the indictment. I address each argument in turn.

## A.   Right to Testify

Although Haines admits that his attorney told him that he had a right to testify and that no one could keep him from testifying, Haines Aff. ¶ 16, he nevertheless argues that his attorney coerced him into remaining silent by standing over him in a threatening manner and demanding that he keep his mouth shut.  Id.  I reject Haines's argument.

Construing the evidence in the light most favorable to Haines, the record demonstrates that he understood that he had a right to testify but instead chose to accept his attorney's sound tactical advice to remain silent.  Counsel may have been insistent in advising Haines not to testify but the record demonstrates that Haines understood that the final decision as to whether to testify was his to make.  Moreover, had Haines testified, the jury would have learned that Haines: remained in the area after the conversation with Lavigne ended; donned a bullet-proof vest; transferred his 35-caliber rifle from the rear of his truck to the cab; took a box of bullets from the glove box; and placed four rounds in his hand.  The jury also would have learned that after Busch began to approach him, Haines

retrieved the rifle and pumped a round into the chamber. Rather than allowing the jury to hear this damaging evidence, which is consistent neither with Haines's claim of self-defense nor his argument that he behaved reasonably under the circumstances, Haines's attorney instead presented a viable although ultimately unsuccessful argument that Haines had been patiently waiting at the scene for a response to his 911 call when he was forced to reasonably respond to an unforseen threat by brandishing a rifle with no round in its chamber.[2] The record demonstrates that Haines acquiesced in this tactical decision with a full understanding of the fact that he had an absolute right to testify on his own behalf.

In short, I am unpersuaded by Haines's claim that his attorney coerced him into abandoning his right to testify. Instead, the record reveals that Haines made a free choice to accept his counsel's sound tactical advise to remain silent. As

---

[2] Haines's attorney based this argument on Meyer's testimony that he saw Haines point the rifle at Busch before Haines was arrested and Officer Oxley's testimony that Haines chambered a round immediately before Oxley arrested him. Counsel argued that this evidence, coupled with the fact that no ejected ammunition had been found at the scene, left a reasonable doubt as to whether the rifle had a round in the chamber when Haines confronted Busch. Tr. November 30, 1995 pp. 169-75.

this advice was appropriate under the circumstances, I reject Haines's contention that his attorney's performance was deficient. For similar reasons, I also agree with the Department of Corrections that Haines cannot demonstrate that he suffered any prejudice as a result of his decision not to testify.

**B.** **Misstatement of Evidence**

Haines's claim that counsel's closing argument was constitutionally ineffective is also unavailing. While counsel stated during his closing argument that Haines "stuck the gun basically in [Busch's] face," it is apparent from the context in which he made this remark that he was speaking figuratively. Counsel defended the case by trying to convince the jury that Haines had not acted recklessly because, when he brandished the rifle, it could not be fired without first pumping a round into the chamber. In this context, counsel's statement was not prejudicial. Any possibility that the jury might have misunderstood counsel's closing argument was negated by the fact that he accurately summarized the evidence regarding Haines's confrontation with Busch elsewhere during his closing argument. Tr. November 30, 1995 pp. 149-176. Again, counsel was not ineffective and Haines suffered no prejudice.

## C.   Failure to Mention Self-Defense

Haines's third argument is that his counsel essentially abandoned Haines's self-defense claim by failing to mention it during his closing argument. While it is true that Haines's attorney did not use the term "self-defense," his argument was that Haines was not guilty because he used the minimal amount of force that was reasonably necessary to deter Busch from what Haines believed was an impending assault. This argument fits both Haines's broader argument that he did not act recklessly under the circumstances and his claim that he acted in self-defense. The argument was effectively developed and the jury was properly instructed on Haines's self-defense claim. Thus, his attorney's performance did not prejudice Haines in his ability to present his self-defense claim.[3]

## D.   Jury Instructions

Haines's argument that counsel was ineffective because he

---

[3] Haines also faults counsel for failing to call a Secret Service agent who could have testified that Haines had previously helped subdue a person who had been involved in a shooting incident outside the White House. This argument is without merit as this evidence would have been of limited, if any, relevance. Moreover, the evidence would have been cumulative as Haines's wife informed the jury of Haines's involvement in the White House shooting incident.

failed to preserve an objection to the court's jury instructions is equally unavailing. The court's instructions did not materially deviate from the charge set forth in the indictment. Therefore, his challenge to the instructions could not have succeeded even if it had been properly preserved.

## IV.  CONCLUSION

As none of Haines' arguments, either individually or taken together, support his claim for relief, I grant respondent's motion for summary judgment (document no. 74).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 25, 2003
cc:  Robert Haines
     Bjorn Lange, Esq.
     Ann Rice, Esq.